## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLOOMBERG INDUSTRY GROUP,** | ) |
| 1801 S. Bell St | ) |
| Arlington, VA 22202 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **EXECUTIVE OFFICE FOR** | ) |
| **UNITED STATES TRUSTEES,** | ) |
| 441 G Street, NW, Suite 6150 | ) |
| Washington, DC 20530 | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE**, | ) |
| 950 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff BLOOMBERG INDUSTRY GROUP brings this suit to force Defendants EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES and U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce records regarding objections to third-party releases in bankruptcy proceedings.

## PARTIES

2. Plaintiff BLOOMBERG INDUSTRY GROUP is a news media organization. It empowers professionals managing legal, tax and government affairs to help their clients and organizations navigate highly complex environments. BLOOMBERG INDUSTRY GROUP made the FOIA request at issue in this case.

3. Defendant EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.  Defendant U.S. DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  DOJ is the parent agency of EOUST.

## JURISDICTION AND VENUE

5.  This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.  Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 7, 2025 FOIA REQUEST TO EOUST

7.  On March 7, 2025, Plaintiff submitted a FOIA request to EOUST seeking records regarding the agency's policy priorities and efforts to fight nonconsensual third-party releases, specifically:

> [1.] Documents, such as lists or reports, on objections or "reservations of rights" filed in bankruptcy courts against nonconsensual third-party releases from 2023 to the present. If there is no document with specific cases, please provide cumulative data on the number of objections.
>
> [2.] Any communications between UST Director Tara Twomey or her staff with members of Congress regarding third-party releases since February 2023.
>
> [3.] List of companies that had settled with the UST on nonconsensual third-party releases from 2023 to the present. If a list does not exist, please send aggregated data on the number of deals.
>
> [4.] Documents, including reports, memos, or communications, in which the agency outlines its policy priorities for 2025.
>
> For the documentation and policy memos, I request that they be provided in a searchable PDF format. For the statistical data, I would prefer it in CSV or Excel format to facilitate analysis.

8.  A true and correct copy of the FOIA request is attached as Exhibit 1.  Plaintiff is not challenging USTP's response to items two and four of the FOIA request.

9. On March 11, 2025, EOUST acknowledged receipt of the request, assigned reference number EOUST FOIA 2025-2041, and sought clarification on the scope of the search for records.

10. A true and correct copy of the correspondence is attached as Exhibit 2.

11. On March 13, 2025, Plaintiff provided additional information to assist EOUST with the search for records.

12. A true and correct copy of the correspondence is included in Exhibit 3.

13. On March 18, 2025, EOUST sought further clarification from Plaintiff about the language of the FOIA request. *Id*.

14. On March 18, 2025, Plaintiff clarified the language of the FOIA request. *Id*.

15. On March 27, 2025, EOUST denied Plaintiff's FOIA request and withheld 184 pages in full pursuant to Exemption 5 "protecting inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." EOUST did not specify the privileges underlying its Exemption 5 claim.

16. A true and correct copy of the response is attached as Exhibit 4.

17. On May 5, 2025, Plaintiff administratively appealed EOUST's response to the FOIA request.

18. A true and correct copy of the appeal letter is attached as Exhibit 5.

19. On August 11, 2025, having not received any ruling on the administrative appeal, Plaintiff sent a follow-up message to DOJ inquiring about the status of the administrative appeal and indicating that it may explore other options, including filing a lawsuit, to gain access to the requested records if an update is not provided soon.

20. A true and correct copy of the correspondence is included in Exhibit 6.

21. On August 14, 2025, DOJ provided an estimated date of completion for the appeal of October 1, 2025. *Id*.

22. On February 10, 2026, Plaintiff sent another follow-up message to DOJ inquiring about the status of the administrative appeal and seeking an updated estimated date of completion.

23. On February 13, 2026, DOJ stated that it "anticipate[s] that it will take another 3-4 months to complete [the] appeal." *Id*.

24. Defendants did not send any further correspondence to Plaintiff regarding this request.

25. As of the date of this filing, DOJ has still not issued a determination on Plaintiff's administrative appeal.

26. As of the date of this filing, EOUST has failed to make all non-exempt responsive records promptly available to Plaintiff.

## COUNT I – EOUST'S FOIA VIOLATION

27. Paragraphs 1-26 are incorporated by reference.

28. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

29. Defendant EOUST is a federal agency subject to FOIA.

30. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

31. Defendant EOUST has failed to conduct a reasonable search for records responsive to the request.

32. Defendant EOUST has failed to issue a proper determination.

33. Defendant EOUST has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: February 26, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
BLOOMBERG INDUSTRY GROUP

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com